UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| TIMMIE POTTER,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:25-CV-103-KAC-MJD |

**MEMORANDUM OPINION AND ORDER**

Before the Court is (1) United States Magistrate Judge Mike Dumitru's "Report and Recommendation" ("Report") recommending that the Court affirm Defendant Commissioner of Social Security's final decision denying Plaintiff Timmie Potter's claims [Doc. 18] and (2) Plaintiff's Objections to the Report [Doc. 19]. Because Plaintiff did not previously raise the argument in his Objections, the Court overrules the Objections [Doc. 19]. And the Court accepts and adopts the Report [Doc. 18] and affirms Defendant's final decision.

## I. Background

Plaintiff filed an application with the Social Security Administration for disability insurance benefits [*See* Doc. 7 at 125]. The Social Security Administration denied the claims initially and upon reconsideration [*Id.* at 127, 141]. Unsatisfied, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") [*Id.* at 144]. The ALJ held a hearing and denied the claims in a written opinion [*Id.* at 18, 184]. Plaintiff asked the Social Security Appeals Council to review the ALJ's decision [*See id.* at 284-86]. But the Social Security Appeals Counsel declined [*See id.* at 5]. So, "the ALJ's opinion" became Defendant's "final decision. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

Plaintiff then sought judicial review in this Court [*See* Doc. 1]. Each Party filed a brief seeking judgment in its favor [*See* Docs. 13, 15]. In his brief, Plaintiff argued that the ALJ's opinion was deficient because "Plaintiff's past relevant work requires mental functioning in excess of the assessed RFC" (residual functional capacity) [Doc. 13 at 1, 9]. He did not raise the lone argument that he now raises in his Objections [*Compare* Doc. 19 *with* Doc. 13].

Judge Dumitru considered the arguments raised and issued the Report [*See* Doc. 18]. Plaintiff filed Objections [Doc. 19]. For the first time, he argues that the ALJ's decision was "fundamentally erroneous under SSR 82-62" because the ALJ's Step Four analysis contains "no findings of fact as to the physical and mental demands of Plaintiff's past work" [*See id.* at 2]. Defendant responded to the Objections, arguing that Plaintiff waived his objection because he failed to raise the argument previously in the substantive briefing before Judge Dumitru [Doc. 21 at 2-3]. Plaintiff did not file any reply or otherwise respond to the waiver argument.

## II. <u>Analysis</u>

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a Party makes a timely objection under Section 636(b)(1) and that objection is not "frivolous, conclusive[,] or general," *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986), the Court generally "make[s] a de novo determination" of the portion of the Report "to which [the] objection is made," 28 U.S.C. § 636(b)(1). But "absent compelling reasons," a Party may not "raise at the district court stage new arguments or issues that were not presented to the magistrate" judge. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citations omitted)). This "failure" to raise an argument before the magistrate judge generally "constitutes waiver." *Id.*; *see also Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023).

Here, Plaintiff waived his objection by failing to raise it in his substantive brief before Judge Dumitru. Plaintiff did not invoke Social Security Ruling 82-62 in his brief, nor did he specifically complain about the nature of the factual findings the ALJ made regarding the "physical and mental demands of Plaintiff's past work" [*Compare* Doc. 19 at 2 *with* Doc. 13]. And even once Defendant argued that Plaintiff waived the objection, [*see* Doc. 21 at 2-3], Plaintiff failed to respond or otherwise identify any "compelling reasons" that would prevent waiver or forfeiture under the precedent, *see Murr*, 200 F.3d at 902 n.1. Perhaps this is because, as Defendant argues, the ALJ specifically referenced the relevant Dictionary of Occupational Title section in assessing Plaintiff's work demands and capacity at Step 4 [*See* Docs. 7 at 34, 21 at 3]. Or perhaps it is because the transcript of the hearing before the ALJ could supplement the factual findings that the ALJ made in his written opinion, as the Court suggested in *Adams v. O'Malley*, upon which Plaintiff relies. *See* No. 3:22-CV-478-JTA, 2024 WL 1181452, at *7-9 (M.D. Ala. Mar. 19, 2024) (noting that the Court "review[ed] the record as a whole" before concluding that the Step Four findings were not supported by substantial evidence). In any event, no compelling reasons present themselves to the Court either. So, Plaintiff has waived his objection. *See, e.g.*, *Stanley v. O'Malley*, No. 1:23-CV-2367, 2024 WL 4354810, at *3 (N.D. Ohio Sept. 30, 2024); *Owens v. Comm'r of Soc. Sec.*, No. 3:20-CV-1737, 2023 WL 6283030, at *3 (N.D. Ohio Sept. 27, 2023). Accordingly, the Court **OVERRULES** Plaintiff's Objections [Doc. 19].

And the Court **ACCEPTS** and **ADOPTS** the Report [Doc. 18] and **AFFIRMS** Defendant's final decision. *See* 28 U.S.C. § 636(b)(1); 42 U.S.C. §§ 405(g), 1383(c)(3). An appropriate judgment shall enter.

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge